[Civil No. 725.   Filed November 9, 1900.]

[62 Pac. 691.)

## LEWIS WOLFLEY, Plaintiff and Plaintiff in Error, v. W. T. BROWN et al., Defendants and Defendants in Error.

1. TRESPASS — EVIDENCE — PARTNERSHIP — NOT LIABLE FOR ACTS OF INDIVIDUAL MEMBERS NOT DONE FOR ITS BENEFIT OR IN ITS BEHALF. —Where a member of defendant partnership purchased at sheriff's sale a quartz-mill under a judgment foreclosing a lien which defendant partnership had thereon, and thereafter took such mill from the possession of plaintiff, an action of trespass cannot be maintained as against the partnership in absence of proof to show that any part of the mill came into possession of the firm, or that the transaction was intended for its benefit.

ERROR from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

J. B. Woodward, and Joseph H. Kibbey, for Plaintiff in Error.

L. H. Chalmers, and H. B. Wilkinson, for Defendants in Error.

DAVIS, J.—On the twenty-third day of September, 1898, Lewis Wolfley brought an action in the district court of Maricopa County against W. T. and C. D. Brown, copartners doing business under the firm name and style of Brown Brothers, to recover damages against the said defendants for an alleged trespass charged to have been committed by them in wrongfully and forcibly entering upon the premises of the plaintiff, and removing therefrom certain mining machinery and apparatus constituting a quartz-mill plant. The cause was tried before the lower court, sitting without a jury, and a judgment was rendered in the defendants' favor. The plaintiff filed his motion for a new trial, which was overruled, and the cause is presented to us for review.

These facts appear from the record: That on or about October 20, 1894, a corporation known as the Yarbo Mining Company was organized under the laws of the territory of Arizona, and the plaintiff, Lewis Wolfley, became its general manager. In November and December following he erected a quartz-mill for said company upon its mining claims in Yarbo Gulch, Yavapai County, towards the construction and repair of which the defendant firm, Brown Brothers, supplied articles of machinery and other material, for which they afterwards perfected a statutory lien. On September 20, 1895, said firm commenced a suit ·in the district court of Yavapai County against the Yarbo Mining Company to enforce said lien. The case was tried on September 13, 1897, and resulted in Brown Brothers recovering a judgment for their claim, and an order for the sale of the milling plant. Thereafter the said quartz-mill was advertised by the sheriff of Yavapai County to be sold as chattel property on the

seventh day of March, 1898, and on that day the same was offered, struck off, and declared sold to W. T. Brown, who was the highest bidder therefor. The sheriff's official return recites "that on the 7th day of March, 1898, the day on which said property was advertised to be sold, as aforesaid, I attended at the time and place so fixed for said sale, and exposed the said property for sale at public auction, according to law, . . . when W. T. Brown, being the highest bidder therefor, the said property was struck off by me to the said W. T. Brown, . . . and I delivered to said purchaser a bill of sale." During the pendency of Brown Brothers' suit against the Yarbo Mining Company the said Lewis Wolfley, claiming an individual ownership of the property, but with actual knowledge of the aforesaid firm's lien thereon, removed the said quartz-mill from the mining claims of the Yarbo Mining Company in Yavapai County to a point in Maricopa County, where it was in fact located at the time of the sheriff's sale proceedings in Yavapai County. On the sixteenth day of April, 1898, W. T. Brown, the purchaser at the sheriff's sale, went to the place in Maricopa County to which the said property had been transferred, took the mill into his possession, and removed it to Yavapai County. The case at bar was an action against the defendants in their partnership capacity. There was no evidence on the trial to connect the firm in any manner with the alleged trespass. The property was taken, removed, and held by W. T. Brown, who alone claimed title thereto under the sale by the sheriff. There is an entire failure of the proofs to show that any part of it came into the possession of the firm, or that the transaction was intended for its benefit. If the acts of W. T. Brown were tortious under these circumstances, he was responsible individually for the wrong committed, and not as a member of the partnership of Brown Brothers. It follows, therefore, that the judgment below was rightly in the defendants' favor, and, as the other questions raised by the plaintiff in error in his brief could not affect the result, their consideration is unnecessary. The judgment of the district court is affirmed.

Street, C. J., and Doan, J., concur.

Sloan, J., having been of counsel, took no part in this decision.